IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

_____

**MANUEL CRUZ** and
**IRINA CARMEN NEACSU**
Individually and on behalf
of those similarly situated,

    Plaintiffs,

       v.

**WESTERN EXPRESS, INC.**,
a Tennessee Corporation,

    Defendant,

**NO.** _____

**FLSA COLLECTIVE ACTION**
**JURY TRIAL DEMANDED**

_____

## COLLECTIVE ACTION COMPLAINT
_____

Plaintiffs, Manuel Cruz and Irina Carmen Neacsu ("Plaintiffs"), individually, on behalf of themselves and other similarly situated current and former "over the road" truck driver employees of Defendant, bring this collective action against Defendant Western Express, Inc., ("Defendant") and, allege as follows:

### I.    INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and other damages owed to Plaintiffs and other similarly situated current and former employees, also known as "over the road" truck drivers, who are members of a class as defined herein and currently or previously employed by Defendants.

1

## II. JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendant in this district at all times relevant to this action, Defendant regularly conducted and continues to conduct business in this district and has engaged and continue to engage in wrongful conduct alleged herein in this district, during all material times in this cause.

## III. CLASS DESCRIPTION

4. Plaintiffs bring this action on behalf of themselves and the following similarly situated persons:

> All current and former "over the road" truck drivers of Defendant in the United States who work (or have worked) for Defendant at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class")[1]

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## IV. PARTIES

5. Defendant Western Express, Inc., is a Tennessee Corporation with its principal corporate office located at 7135 Centennial Pl, Nashville, TN 37209-1033. Defendant has been an "employer" of Plaintiffs and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Tennessee Secretary of State, Defendant may be served through its registered agent for service of process: Roland M. Lowell, 7135 Centennial Pl, Nashville, TN 37209-1033.

6. Plaintiff Manuel Cruz was employed by Defendant as an "over the road" truck driver within this district during the relevant period herein. (Plaintiff Cruz's Consent to Join this collective action is attached hereto as *Exhibit A*.)

7. Plaintiff Neacsu was employed by Defendant as an "over the road" truck driver within this district during the relevant period herein. (Plaintiff Neacsu's Consent to Join this collective action is attached hereto as *Exhibit A*.)

## V. FACTUAL BACKGROUND

8. Defendant is an asset-based truckload carrier headquartered in Nashville, Tennessee with terminals and facilities throughout the United States. Defendant owns and operates a fleet of over 2800 power units and over 6500 trailers that are 100% GPS trackable.

9. The primary function of Defendant's business is to haul freight across the United States.

10. Defendant has been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d) during all times relevant to this collective action lawsuit.

11. Defendant has employed Plaintiffs and those similarly situated and was responsible for establishing and administering their pay during all times relevant to this collective action lawsuit.

12. The decisions regarding the compensation of Plaintiffs and other members of the class and, other terms of employment, were made through a centralized management team at its corporate center in Nashville, Tennessee.

13. On information and belief, Defendant has had a centralized, unified and common plan, policy and practice (scheme) of failing to compensate Plaintiffs and putative class members minimum wage compensation for all hours worked. Specifically, Defendant failed to compensate Plaintiffs and putative class members *at all* for time spent working during its initial orientation program. In addition, Defendant failed to compensate Plaintiffs and putative class members *at all* for time spent working during it's over-the-road training program.

14. Accordingly, Plaintiffs' and Class Members' minimum wage claims are unified by common theories of Defendant's FLSA statutory violations.

15. At all times material to this action, Plaintiffs and those similarly situated are or have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and, worked for Defendant within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

16. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

17. At all times material to this action, Defendant has been an "employer" as defined by the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in interstate commerce.

18. Although at this stage Plaintiffs are unable to state the exact amount owed to him and other members of the class, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI. COLLECTIVE ACTION ALLEGATIONS

19. Plaintiffs bring this action on behalf of themselves and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

20. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

21. Plaintiffs' and putative class members' minimum-wage claims are unified by common theories of Defendant's FLSA statutory violations.

22. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and can only be ascertained through applicable discovery, they believe there are at least a hundred individuals in the putative class.

23. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and other members of the class were subjected to the same operational, compensation and timekeeping policies and practices of Defendant, without being paid for all their aforementioned training and orientation work at the applicable FLSA minimum wage.

24. As a result, the claims of Plaintiffs and members of the class are unified by common theories of Defendant's FLSA statutory violations.

25. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were expected and/or required to perform work without being paid full compensation;

- Whether Defendant failed to pay Plaintiffs and the other members of the class the applicable FLSA minimum wage for all work performed;

- The correct statutes of limitations for the claims of Plaintiffs and other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages from Defendant, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendant is liable for interest, attorneys' interest, fees, and costs to Plaintiffs and the class.

26. Plaintiffs will fairly and adequately protect the interests of the class as his interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class, and they have retained competent counsel who are experienced in collective action litigation.

27. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

28. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

29. At all times relevant, Defendant had actual and/or constructive knowledge of willfully refusing to pay the federal applicable minimum wage to Plaintiffs and other members of the class for all hours worked.

30. At all times relevant, Defendant did not have a good faith basis for its failure to pay the federal applicable minimum wage to Plaintiffs and other members of the class.

## COUNT I

### FLSA VIOLATIONS – FAILURE TO PAY MINIMUM WAGE DURING DEFENDANT'S ORIENTATION PROGRAM
**(On Behalf of the Class)**

31. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 30 above, as if they were fully set forth herein.

32. Defendant required its newly hired drivers to attend a multi-day orientation program at its locations throughout the United States, including at its locations in Nashville, Tennessee, among other locations.

33. During this initial orientation program, Defendant required Named Plaintiffs and Initial Orientation putative Plaintiffs to attend classes regarding the rules and procedures of Defendant. The classes lasted approximately 9-10 hours per day.

34. In addition to attending the orientation classes, Defendant required Named Plaintiffs and putative class members to meet with Defendant's employees and agents about the rules, practices, and procedures of Defendant outside of class.

35. Defendant Western informed Named Plaintiffs and Initial Orientation Plaintiffs that upon successful completion of the orientation program, they were guaranteed a job with Defendant.

36. Upon successful completion of the multi-day orientation program, Defendant Western informed Named Plaintiffs and putative class members that they were "hired."

37. Defendant failed to pay Named Plaintiffs and putative class members at least minimum wage during the orientation period.

38. Consistent with Defendant Western's policies, upon his initial hiring by Defendant Western, Named Plaintiffs were required to attend an approximately week-long orientation program in Nashville, Tennessee. During this orientation program, Named Plaintiffs attended orientation class every day for approximately one week which lasted 9-10 hours per day. Named Plaintiffs were further required to engage in other compensable work during this period, including meeting with Defendant Western's employees and agents about the rules, practices, and procedures of Defendant Western outside of class. Named Plaintiffs were not paid for this orientation period.

39. Consistent with Defendant's policies, upon his initial hiring by Defendant Western, Named Plaintiffs were required to attend an approximately week-long orientation program in Nashville, Tennessee

40. Due to Defendant's aforementioned willful FLSA violations and, lack of a good faith basis in committing such violations, Plaintiffs and the other members of the class are entitled to recover from Defendant compensation for unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and

disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO PAY MINIMUM WAGE DURING DEFENDANT WESTERN'S TRAINING PROGRAM

41. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 40 above, as if they were fully set forth herein.

42. Following the Initial Orientation Period, Defendant required certain drivers to participate in an over-the-road training program lasting at least thirty (30) days.

43. Named Plaintiffs were required to participate in the over-the road training program.

44. During Defendant's Training Program, Defendant required Named Plaintiffs and putative class members to train with an over-the-road truck driver of Defendant.

45. Upon information and belief, Defendant did not compensate Named Plaintiffs and putative class members at the applicable FLSA minimum wage rate of pay for all such training time.

46. During Defendant's Training Program, Named Plaintiffs and putative class members reported their status to Defendant via the Qualcomm computer in the truck.

47. Upon information and belief, the Qualcomm messages were received by Defendant Western in a single centralized location in Tennessee.

48. During Defendant Western's Training Program, Named Plaintiffs and putative class members were required to remain over-the-road in or in the general proximity of their assigned truck more than twenty-four (24) consecutive hours.

9

49. During Defendant Western's Training Program, Named Plaintiffs and putative class members were required to remain on assignment continually for more than twenty-four (24) hours. (*See* 29 C.F.R. § 785.22).

50. Named Plaintiffs and putative class members spent 7 days over-the-road each workweek during the time they worked in Defendant's Training Program.

51. Named Plaintiffs and putative class members were required to be over-the-road the entire seven (7) day periods on a continuous tour of duty.

52. Throughout these seven (7) day periods, Named Plaintiffs and putative class members were required to remain on or near the truck and under the control of Defendant to assist in driving cargo along with his/her trainer/co-driver.

53. Even when the truck was not moving, Named Plaintiffs and putative class members were required to remain in or near the truck to protect Defendant's truck and its cargo.

54. Additionally, Named Plaintiffs and putative class members worked even when logged "off duty" per Department of Transportation ("DOT") regulations, and they are entitled to compensation because they were engaging in compensable work by virtue of being on a continuous tour of duty lasting more than 24 hours and were engaged in mandatory and compensable travel time.

**CAUSE OF ACTION NO. 3**
**FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED BY MILEAGE PLAINTIFFS**

55. The foregoing paragraphs are incorporated herein as if set forth in full.

56. Drivers who are not required to complete Defendant Western's Training Program and/or drivers who have completed the program successfully are provided a truck by Defendant Western and were paid a per-mileage rate for each mileage driven.

57. Named Plaintiff Cruz completed training and worked for Defendant Western as an over-the-road driver during the statutory period.

58. Defendant Western did not compensate Named Plaintiff Cruz and putative class members at the applicable FLSA minimum wage rate of pay for all such driver-related time.

59. Defendant paid Named Plaintiff Cruz and putative class members low mileage rates which, when averaged over the total number of hours worked per workweek, equated to less than minimum wage.

60. Named Plaintiff Cruz and putative class members reported their status to Defendant Western via the Qualcomm computer in the truck.

61. During this time, Named Plaintiff Cruz and putative class members were required to remain on assignment continually for more than 24 hours. (*see* 29 C.F.R. § 785.22)

62. Per 29 C.F.R. § 785.22, the maximum amount of time an employer may dock an employee who is on assignment for more than 24 hours for sleeping and meal periods is 8 hours per day. The remaining amount of time (16 hours per day) is work time and must be paid.

63. While over-the-road, Named Plaintiff Cruz and putative class members were confined to the general vicinity of their assigned truck for more than 24 consecutive hours.

64. Per the applicable federal minimum wage, Defendant Western was required to compensate Named Plaintiff Cruz and putative class members at least $116 per day ($7.25 x 16 hours).

65. Nevertheless, Defendant Western failed to implement a proper fail-safe compensation system to ensure that Named Plaintiff Cruz and putative class members were paid at least the minimum wage during workweeks where, for various reasons, they did not log enough miles to receive over the minimum wage by virtue of their mileage rate.

66. Even when the truck was not moving, Named Plaintiff Cruz and putative class members were required to remain in or near the truck to protect Defendant Western's truck and its cargo.

67. Because of the failure of Defendant Western to pay Named Plaintiffs Cruz and putative class members based upon hours worked, and because the per-mile pay resulted in pay below minimum wage, Defendant Western regularly paid Named Plaintiff Cruz and putative class members below the federal minimum wage.

## **PRAYER FOR RELIEF**

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Counts I, II, and III an award of compensation for unpaid minimum wages to Plaintiffs and the other members of the class at the applicable FLSA minimum wage rate of pay;

C. On Counts I, II, and III an award of liquidated damages to Plaintiffs and other members of the class;

D. On Counts I, II, and III an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

E. On Counts I, II, and III, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

F. On Counts I, II, and III, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: July 9, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Gordon E. Jackson*
　　　　　　　　　　　　　　　　　　　Gordon E. Jackson (TN BPR #08323)
　　　　　　　　　　　　　　　　　　　J. Russ Bryant (TN BPR #33830)
　　　　　　　　　　　　　　　　　　　Robert E. Turner, IV (TN BPR #35364)
　　　　　　　　　　　　　　　　　　　Nathanial Bishop (TN BPR # 35944)
　　　　　　　　　　　　　　　　　　　Robert E. Morelli, III (TN BPR #037004)
　　　　　　　　　　　　　　　　　　　JACKSON, SHIELDS, YEISER & HOLT
　　　　　　　　　　　　　　　　　　　262 German Oak Drive
　　　　　　　　　　　　　　　　　　　Memphis, Tennessee 38018
　　　　　　　　　　　　　　　　　　　Tel: (901) 754-8001
　　　　　　　　　　　　　　　　　　　Fax: (901) 759-1745
　　　　　　　　　　　　　　　　　　　*gjackson@jsyc.com*
　　　　　　　　　　　　　　　　　　　*jholt@jsyc.com*
　　　　　　　　　　　　　　　　　　　*rbryant@jsyc.com*
　　　　　　　　　　　　　　　　　　　*rturner@jsyc.com*
　　　　　　　　　　　　　　　　　　　*nbishop@jsyc.com*
　　　　　　　　　　　　　　　　　　　*rmorelli@jsyc.com*

　　　　　　　　　　　　　　　　　　　*ATTORNEYS FOR PLAINTIFFS*